**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Lynn Bible, <br><br>          Petitioner, <br><br>     v. <br><br> Dora B. Schriro, et al., <br><br>          Respondents. | CV-98-1859-PHX-PGR <br><br> <u>DEATH PENALTY CASE</u> <br><br> **ORDER** |

Before the Court is Petitioner's Motion for New Trial or Reconsideration. (Dkt. 110.) The motion is brought in response to the Court's Orders denying Petitioner's amended habeas corpus petition and issuing a certificate of appealability ("COA") with respect to one claim. (Dkts. 105, 106.) Petitioner requests a new trial or reconsideration pursuant to Rule 59; he also seeks an expanded COA.

## DISCUSSION

Because there has been no trial in this matter, a Rule 59(a) motion for new trial is inappropriate. Instead, the Court treats Petitioner's motion as one brought under Rule 59(e).

A motion to alter or amend judgement under Rule 59(e) of the Federal Rules of Criminal Procedure is essentially a motion for reconsideration. Rule 59(e) offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.2000). The Ninth Circuit has consistently held that a motion brought pursuant to Rule 59(e) should only be granted in "highly unusual circumstances." *Id.*; *see 389 Orange Street Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999). Reconsideration is appropriate only if the court

is presented with newly discovered evidence, if there is an intervening change in controlling law, or if the court committed clear error. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); *see School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration is not a forum for the moving party to make new arguments not raised in its original briefs, *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-926 (9th Cir. 1988), nor is it the time to ask the court to "rethink what it has already thought through," *United States v. Rezzonico*, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998) (quotation omitted).

### 1.     Newly-discovered evidence

In support of his request for reconsideration, Petitioner cites newly-discovered evidence in the form of police reports that detail a recent investigation by the Flagstaff Police Department into allegations of child molestation and elder abuse, both reported by P.G. and naming his cousin R.E. as the perpetrator. (Dkt. 110, Ex. A.) The documents date from April and May 2007 and recount the investigation of P.G.'s allegations that he had been molested by R.E. from 1976 to 1985. In the course of the investigation P.G. told officers that R.E. had told him that he, R.E., had been Petitioner's best friend in 1988 and that he had searched Sheep Hill for Jennifer Wilson on the day before her body was discovered but had found nothing. Based on the information he reportedly received from R.E., P.G. expressed suspicion that R.E. was involved with Petitioner in the Wilson murder.

In a follow-up interview with the police, R.E. indicated that he had been acquainted with Petitioner's older brother but did not know Petitioner. R.E. also stated that he had not actively participated in the search for Jennifer Wilson, though he was familiar with Sheep Hill. According to the reports, a computer check indicated that R.E. was never an investigative lead in the Wilson case. Detectives also interviewed the prosecutors at Petitioner's trial and officers involved in the case, none of whom recalled R.E. as a suspect and each of whom explained that the evidence in the case pointed only to Petitioner's involvement in Jennifer Wilson's abduction and murder. R.E. initially agreed but ultimately declined to take a polygraph examination. The reports indicate that the molestation case

against R.E. was closed at P.G.'s request.[1]

According to Petitioner, this new information renders it "not implausible that investigators, desperate to solve the murder they believe was perpetrated by Bible, scattered evidence from the truck after Ms. Wilson's body was discovered" and that "it is possible that after Bible was in custody and the search was over, [R.E.] went on Sheep's [sic] Hill, made Ms. Wilson's body more observable since he was on the hill the day before Ms. Wilson's body was found and that [R.E.] actually killed Ms. Wilson." (Dkt. 110 at 5-6.) The Court disagrees that this new information entitles Petitioner to relief under Rule 59(e).

While the information presented by Petitioner is new in its specifics, it simply reiterates an argument raised in the habeas petition; i.e., that another individual – this time R.E. – was actually responsible for the kidnapping and murder of Jennifer Wilson. Even if P.G. accurately reported his conversations with R.E., his hearsay version differed in every important respect from R.E.'s first-hand account of his relationship with Petitioner and his activities at the time of Jennifer Wilson's disappearance. More importantly, overwhelming evidence, including the presence of the girl's blood on Petitioner's clothing, directly linked Petitioner not only to the crime scene but to the victim. The newly discovered information – hearsay reports of minimal probative force and dubious credibility, together with one individual's speculation that a third party assisted Petitioner in the murder of Jennifer Wilson – has no impact on the evidence of Petitioner's guilt that was presented at trial. Based upon these factors, the Court finds that Petitioner's new information is not of sufficient probative value to have affected the Court's assessment of any of Petitioner's habeas claims. *See Coastal Transfer Co. v. Toyota Motor Sales*, *U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987) ("newly discovered evidence must be of such magnitude that production of it earlier would have been likely to change the disposition of the case"); *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003) (newly-discovered facts must be of "such a nature that

---

[1] The elder abuse case was also closed after officers determined that P.G.'s allegations against R.E. were unfounded.

- 3 -

they would probably change the outcome" and must not be "merely cumulative or impeaching").

### 2. COA

Petitioner seeks a COA with respect to Claims 1 and 2, which alleged that his rights were violated by the trial court's failure to grant a change of venue and by the trial atmosphere. He also seeks a COA with respect to the guilt-stage ineffective assistance of counsel ("IAC") allegations set forth in Claims 3, 6, 7, 9, 11, 13, 15, and 16.[2]

As the Court has explained, to be entitled to a certificate of appealability, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner has not met this standard. For the reasons set forth in the Court's Memorandum and Order (Dkt. 105), reasonable jurists could not debate this Court's determination that the Arizona Supreme Court did not unreasonably apply clearly established federal law when it denied relief on the allegations contained in Claims 1 and 2, and that the PCR court did not unreasonably apply *Strickland*'s two-pronged test when it denied Petitioner's guilt-stage IAC claims.

Based on the foregoing, the Court finds that Petitioner is not entitled to habeas relief despite the newly discovered evidence and that Claims 1, 2, 3, 6, 7, 9, 11, 13, 15, and 16 are not suitable for the issuance of a COA.

Accordingly,

**IT IS HEREBY ORDERED denying** Petitioner's Motion for New Trial or Reconsideration. (Dkt. 110.)

DATED this 13th day of August, 2007.

Paul G. Rosenblatt
United States District Judge

---

[2] The Court issued a COA as to Claim 20, alleging IAC at sentencing. (Dkt. 106.)